| | |
|---|---|
| STATE OF NORTH DAKOTA | IN DISTRICT COURT |
| COUNTY OF MCKENZIE | NORTHWEST JUDICIAL DISTRICT |

ProEnergy Services, LLC, )
)
    Plaintiff, )   Case No. 27-2016-CV-00130
)
v. )   COMPLAINT
)
Hess Corporation and Hess North Dakota )
Pipelines, LLC, )
)
    Defendants.

¶1    Plaintiff, ProEnergy Services, LLC ("ProEnergy"), by and through its attorney of record, Garrett D. Ludwig of Kelsch, Kelsch, Ruff & Kranda, Mandan, North Dakota, for its causes of action against defendants, Hess Corporation and Hess North Dakota Pipelines, LLC (collectively "Hess"), states and alleges the following:

## JURISDICTION AND VENUE

¶2    ProEnergy is a Missouri limited liability company that is authorized to transact business in the State of North Dakota, has engaged in the business of providing materials and services to those in the oil and gas industry in McKenzie County, and has its principal office located at 2001 ProEnergy Blvd, Sedalia, MO 65301.

¶3    Defendant Hess Corporation is a Delaware corporation, engaged in the oil and gas industry in McKenzie County, with its principal place of business in Houston, Texas. Defendant Hess Corporation may be served with process by serving its registered agent, C T Corporation System, 314 E. Thayer Avenue, Bismarck, ND 58501-4018.

¶4    Defendant Hess North Dakota Pipelines, LLC is a Delaware limited liability company, engaged in the oil and gas industry in McKenzie County, with its principal

EXHIBIT 1

25342069v2

place of business in Houston, Texas. Defendant Hess North Dakota Pipelines, LLC may be served with process by serving its registered agent, C T Corporation System, 314 E. Thayer Avenue, Bismarck, ND 58501-4018.

¶5  This Court has jurisdiction over the parties because this action seeks foreclosure of a Well or Pipeline Construction Lien in McKenzie County. See N.D.C.C. § 35-24-14.

¶6  The facts and circumstances concerning the controversy at issue also arose in McKenzie County, North Dakota and thus, venue is proper.

## FACTS COMMON TO ALL COUNTS

¶7  On or about November 1, 2013, ProEnergy and Hess Corporation entered into a Master Agreement for Goods and Services CW No. MNFSS003 ("Master Agreement"). A true and correct copy of the Master Agreement is attached to this Complaint, and incorporated herein by reference, as Plaintiff's Exhibit A.

¶8  On May 16, 2014, pursuant to the Master Agreement, ProEnergy and Hess Corporation entered into a Commercial Order for Goods and Services CW No. CW2221412 ("Commercial Order"). A true and correct copy of the Commercial Order is attached hereto, and incorporated herein by reference, as Plaintiff's Exhibit B.

¶9  Pursuant to the Master Agreement and the Commercial Order, effective May 16, 2014, ProEnergy furnished services and materials including labor supply, rental cars, mobilization and demobilization, and living expenses, as applicable, tools and equipment supply, and parts, materials, consumables and rentals for Hess's leasehold, located in the SW1/4 of Section 26, Township 153 North, Range 95 West, McKenzie County, North Dakota, more commonly known as the Hawkeye Compressor Station ("the Leasehold").

¶10   ProEnergy invoiced Hess North Dakota Pipelines, LLC pursuant to the terms of the Master Agreement and Commercial Order. True and correct copies of these invoices are attached to this Complaint, and incorporated herein by reference, as Plaintiff's Exhibit C (invoice nos. 143888, 144395, 144540, 144921, 145388, 145390, 145467, 145624, 145685, 145775, 145778, and 145840).

¶11   Hess failed to pay ProEnergy and, on or about September 29, 2015, ProEnergy filed a Statement of Oil & Gas Well Construction Lien in McKenzie County, which was recorded by the County Recorder as Document No. 485379. A true and correct copy of the lien is incorporated by reference as Plaintiff's Exhibit D.

¶12   To date, the aforementioned lien has not been satisfied by Hess and the lien remains attached to the Leasehold.

¶13   Additionally, since the filing of the lien, additional invoices have gone unpaid despite the absence of a good faith dispute. True and correct copies of these additional unpaid invoices are attached hereto, and incorporated herein by reference, as Plaintiff's Exhibit E (invoice nos. (144438, 144607 and 147545).

¶14   As of the undersigned date, despite the absence of a good faith dispute as to the amounts due and owing, Hess still owes ProEnergy the amount of $973,778.57, plus interest, for services rendered and properly invoiced.

¶15   ProEnergy has fully performed all of its obligations and complied with all conditions precedent in the Master Agreement and Commercial Order and is otherwise duly entitled to bring this suit.

¶16     Pursuant to N.D.C.C. § 35-24-17, Hess is prohibited as a matter of law from removing from the Leasehold property, or any part thereof, or otherwise disposing of the same without ProEnergy's written consent.

¶17     This Court has jurisdiction to resolve all disputes between the parties arising out of this transaction or occurrence.

¶18     Pursuant to the Master Agreement and Commercial Order, Hess owes ProEnergy approximately $973,778.57, plus interest.

## COUNT I
## FORECLOSURE OF LIEN & INJUNCTIVE RELIEF

¶19     The allegations set forth in Paragraphs 1 through 18 are incorporated by reference herein.

¶20     The lien recorded in McKenzie County as document number 485379, is valid and enforceable pursuant to ch. 35-24, N.D.C.C.

¶21     No bond has been posted, or filed, by Hess or any other party, pursuant to N.D.C.C. § 35-24-13. Therefore the lien remains attached to the Leasehold for which the labor was performed, and the appurtenances thereunto belonging.

¶22     ProEnergy is entitled to an Order of Foreclosure on any and all property items that the lien is attached thereto. This action for foreclosure is being properly commenced pursuant to ch. 35-24, N.D.C.C.

¶23     Further, ProEnergy asserts that the Court is authorized, in its Judgment, that in the event that a deficiency remains after the sale of the Leasehold subject to ProEnergy's Lien, an execution may issue for such deficiency.

¶24     If Hess has already removed or disposed of property attached to the lien, then, in the alternative, pursuant to N.D.C.C. § 35-24-17, ProEnergy is entitled to have a receiver

appointed in this foreclosure action to take possession of such removed or disposed of property.

## COUNT II
## BREACH OF CONTRACT

¶25    The allegations set forth in Paragraphs 1 through 24 are incorporated by reference herein.

¶26    ProEnergy has fulfilled all of its obligations as required pursuant to the Master Agreement executed by the parties on November 1, 2013.

¶27    Hess has materially breached said Master Agreement by failing to pay ProEnergy the amounts owed under the Master Agreement, thereby causing damage to ProEnergy.

## COUNT III
## UNJUST ENRICHMENT

¶28    The allegations set forth in Paragraphs 1 through 27 are incorporated by reference herein.

¶29    Hess knowingly accepted labor, goods, and services furnished by ProEnergy.

¶30    Hess knew that ProEnergy was not acting as a volunteer in furnishing the labor, goods, and services.

¶31    The value of Hess's Leasehold was enhanced as a result of ProEnergy's improvements.

¶32    Hess was enriched when improvements, which Hess did not pay for, were made upon the Leasehold by ProEnergy.

¶33    ProEnergy was not paid for certain improvements made upon the Leasehold and, thus, ProEnergy is impoverished.

¶34    ProEnergy's impoverishment has been caused by Hess's enrichment and there is no justification for Hess's enrichment or ProEnergy's impoverishment.

¶35   The increase in value of Hess's Leasehold is equal to or greater than the cost of such improvements.

## PRAYER FOR RELIEF

¶36   WHEREFORE, ProEnergy prays for Judgment against Hess Corporation and Hess North Dakota Pipelines, LLC as follows:

   A. For a Judgment ordering the foreclosure, and sale pursuant to foreclosure, of all property attached to ProEnergy's lien on the Leasehold.

   B. For a Judgment ordering the Sheriff of McKenzie County or some other person appointed by the Court, to take possession of all attached property described on the lien and further directing the Sheriff, or other person appointed, to sell such property as provided by law, or upon permission from the Court, to surrender said property to ProEnergy.

   C. For an Order permanently enjoining Hess from removing or disposing of any property attached to the Leasehold.

   D. An award of reasonable attorney's fees for the foreclosure proceeding allowed pursuant to N.D.C.C. § 35-24-19.

   E. For Judgment in the principal amount of $973,778.57, plus prejudgment interest at a rate to be determined and post-judgment interest at a rate of 6.5% per month until paid.

   F. For any and all costs, attorney's fees and disbursements to the extent said amounts are recoverable by law.

   G. For such other and further relief as the Court may deem just and equitable under the circumstances.

25342069v2

Dated 18 day of March, 2016.

By: *[signature]*
Garrett D. Ludwig
State Bar ID No. 06275
Kelsch Kelsch Ruff & Kranda
103 Collins Avenue
PO Box 1266
Mandan, ND 58554 – 7266
Phone: (701) 663-9818
gludwig@kelschlaw.com

and

LATHROP & GAGE LLP

James L. Moeller (*pro hac vice* motion forthcoming)
Kate O'Hara Gasper (*pro hac vice* motion forthcoming)
2345 Grand Boulevard, Suite 2200
Kansas City, MO 64108
Telephone: (816) 292-2000
Facsimile: (816) 292-2001
sbotts@lathropgage.com
jmoeller@lathropgage.com

Attorneys for ProEnergy Services, LLC

25342069v2